John T. Backman, Defendant in Error, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Plaintiff in Error.

### Gen. No. 17,288.

STIPULATION OF FACT—*as to freight charges.* Where parties stipulate that charges assessed by a carrier and paid by plaintiff were based upon a tariff in effect at the time the shipment moved and which was filed and approved by the Interstate Commerce Commission, it is fair and reasonable to construe such statement to mean that the charges were in accordance with the schedule.

Error to the Municipal Court of Chicago; the HON. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed on remittitur. Opinion filed November 7, 1912.

GLENNON, CARY, WALKER & HOWE, for plaintiff in error; L. J. HACKNEY, of counsel.

EDWARD R. LITZINGER, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff purchased for $101.65 a ticket from the agent of defendant at Findlay, Ohio, for the transportation of a special baggage car containing trained animals from Findlay to La Crosse, Wisconsin. From

Chicago the car was to be hauled by the Chicago, Milwaukee & St. Paul Railway Company, but upon its arrival in Chicago the St. Paul road refused to haul the same as baggage, because of its rule then in force that such a shipment as this was must go by freight or express. Plaintiff thereupon paid to the St. Paul road the charge for such freight, amounting to $160.39, and incurred the additional expense of $19.89 by reason of the delay in moving the car in Chicago, and brought suit against the defendant to recover these amounts.

Defendant claims that its agent was in error as to the rules and scheduled rates of the St. Paul road covering this class of shipments; that the tariff schedule of the St. Paul road, filed and approved by the Interstate Commerce Commission, must control, and that the defendant is liable only for the portion of the sum paid it by plaintiff which was for transportation on the St. Paul road, which portion is $67.75.

The case was tried by the court upon a stipulation of facts and certain documentary evidence, and after hearing judgment was entered for the full amount claimed by the plaintiff, viz., $180.28.

Counsel for defendant say in their brief: "The only question presented by the records is this: Where a rate different from the regular published interstate commerce rate was agreed upon by the agent of the defendant and the plaintiff from Findlay, Ohio, to La Crosse, Wis., and the regular published interstate commerce rate was demanded and collected at destination, can the excess between the regular published rate and the contract price be recovered by the plaintiff?" Apparently there is no conflict upon this proposition between opposing counsel, for the attorney for the plaintiff in his brief says: "There can be no question but that if the Interstate Commerce Commission rules and regulations covered the shipment of the defendant in error, then if a mistake in the charge had been made, the correct amount could be charged upon a discovery of the error." The only question, therefore, before this

court seems to be the construction of section eight of the stipulation as to the facts, which section is as follows:

"Eighth:—That the charges assessed by the Chicago, Milwaukee and St. Paul Railway Company amounting to $160.39, and paid by the plaintiff to said Chicago, Milwaukee and St. Paul Railway were based upon tariff I. C. C.-A-7890, C. M. & St. P.—G. F. D.—No. 47000, the freight tariff in effect at the time the shipment moved, and which was filed and approved by the Interstate Commerce Commission."

The tariff schedule referred to in this section was not introduced in evidence, and it is argued by the plaintiff that therefore there was no evidence before the court that the charge made by the St. Paul road, and which was based upon this tariff schedule, was correct. We think the fair and reasonable construction of this section of the statement of fact is as if it read that the charges by the St. Paul road were in accordance with the tariff schedule filed and approved by the Interstate Commerce Commission. It is conceded that the rate fixed in the tariff schedule should control as the correct rate, and a stipulation that the charge of $160.39 assessed by the St. Paul road was based upon that schedule must be held to mean that the tariff schedule authorized the charge of that amount.

A liability is admitted by defendant in its affidavit of merits "for the sum of $67.50, which is the Chicago, Milwaukee & St. Paul Railway Company's proportion of rate from Findlay, Ohio, to La Crosse, Wis., had the shipment moved to destination under the rate quoted by the agent of the defendant at Findlay, Ohio."

It is also stipulated that "plaintiff was compelled to expend $19.89 on account of the delay caused in Chicago through defendant's failure to move the car from Chicago on time." From these admissions it is clear that plaintiff is entitled to judgment for these

amounts, which total $87.39. If, therefore, plaintiff will, within ten days from the filing of this opinion, enter a remittitur of $92.89, the judgment herein will be affirmed; otherwise the judgment is reversed and the cause remanded.

*Affirmed upon remittitur; otherwise reversed and remanded.*

Remittitur filed and judgment affirmed November 18, 1912.